# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE RETURN OF SEIZED PROPERTY<br><br>TAYLOR ARTIS and EDWARD DOUGLAS, JR.,<br><br>Movants. | CASE NO. 11cv1091 BTM(RBB)<br><br>**ORDER GRANTING MOTION FOR RETURN OF SEIZED PROPERTY** |

Movants Taylor Artis and Edward Douglas, Jr., have filed a Motion for Return of Seized Property.  For the reasons set forth below, Movants' motion is **GRANTED**.

## I. BACKGROUND

On February 1, 2011, at the San Diego International Airport, officers of the San Diego Integrated Narcotics Task Force ("NTF") seized $12,819.00 in U.S. currency from movant Edward Douglas and $8,608.00 in U.S. currency from Taylor Artis.  The currency was seized for forfeiture as suspected drug proceeds.  Douglas and Artis each received a receipt for the seized currency at the time of seizure.  (Movants' Ex. 2.)

Douglas and Artis filed timely administrative claims dated February 11, 2011 for the return of the currency.  (Movants' Exs. 3 & 4.)  The DEA received the claims on February 14, 2011.  (Movants Ex. 5.)

The DEA referred the matter to the United States Attorney for the Southern District of California.  After review, the United States Attorney decided not to file a civil forfeiture

action. The matter was declined and returned to DEA.

On May 18, 2011, Movants commenced this action.

## II. DISCUSSION

Movants contend that they are entitled to the immediate return of their currency under 18 U.S.C. § 983(a)(3)(A). The Court agrees.

Section 983(a)(3)(A) provides:

> Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.
>
> (B) If the Government does not--
>
> >(i) file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or
> >
> >(ii) before the time for filing a complaint has expired--
> >
> >>(I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and
> >>
> >>(II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,
>
> *the Government shall promptly release the property* pursuant to regulations promulgated by the Attorney General, *and may not take any further action to effect the civil forfeiture of such property* in connection with the underlying offense.

(Emphasis added.)

There is no dispute that the Government did not, within 90 days after the filing of Movants' claims, file a complaint for civil forfeiture, move for an enlargement of the 90-day period, obtain a criminal indictment alleging that the property is subject to forfeiture, or return the property. Therefore, the Government is required to promptly release the property.

The Government contends that although it is ready and willing to return the seized

currency, under 31 U.S.C. § 3716, the DEA is required to collect the payee's personal indentifying information before making a payment. The Government explains that on May 24, 2011, the DEA sent letters with enclosures to Movants' legal counsel, explaining the requirements of 31 U.S.C. § 3716 and requesting identifying information including true name, date of birth, and social security number or tax identification number. Movants have not provided the DEA with this information.

Under the Debt Collection Improvement act of 1996 (DCIA), 31 U.S.C. § 3716, the Department of the Treasury and "any disbursing official of the United States designated by the Secretary of the Treasury" are required to offset Federal payments to collect delinquent non-tax debts owed to the United States or delinquent child-support debts enforced by states. The Financial Management Service of the Treasury Department operates a Treasury Offset Program ("TOP"), which centralizes the offset of Federal payments to collect delinquent non-tax debts owed to Federal agencies. 31 C.F.R. § 285.5. The Government contends that Movants must provide their identifying information because the taxpayer identifying number and name are used by TOP to determine whether the payee is "matched" to a debt in the system. See 31 C.F.R. § 285.5(b).

The Court is not convinced that the currency at issue is subject to administrative offset under 31 U.S.C. § 3716. Payments eligible for offset include all eligible "Federal payments" including "Federal wage, salary, and retirement payments, vendor and expense reimbursement payments, certain benefit payments, travel advances and reimbursements, grants, fees, refunds, judgments (including those certified for payment pursuant to 31 U.S.C. 1304), tax refunds, and other payments made by Federal agencies." 31 C.F.R. § 285.5(e). A "disbursing official" means "an official who has authority to disburse public money." 31 C.F.R. § 285.5 (b).

Here, the currency was in the custody of the Federal government pending the determination of whether it was subject to seizure. After the 90-day period, Movants were entitled to the *return* of their property. The Court does not believe that the *return* of seized currency constitutes a "Federal payment." The *return* of property is not a payment of

benefits, "refund," or "reimbursement" from public money.

Because 31 U.S.C. § 3716 does not apply, the Government cannot condition the return of the currency on Movants providing identifying information. Movants have produced the receipts for the currency and there does not appear to be any dispute that Movants are the individuals from whom the currency was seized. Therefore, Movants are entitled to the immediate return of the currency.

### III. CONCLUSION

For the reasons discussed above, Movants' Motion for Return of Seized Property is **GRANTED**. Within 48 hours of the entry of this Order the United States shall return $8,600.00 to Taylor Artis and $12,880.00 to Edward Douglas, Jr. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: August 23, 2011

Honorable Barry Ted Moskowitz
United States District Judge