# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE RETURN OF SEIZED PROPERTY<br><br>TAYLOR ARTIS and EDWARD DOUGLAS, JR.,<br><br>         Movants. | CASE NO. 11cv1091 BTM(RBB)<br><br>**ORDER DENYING MOTION FOR STAY OF COURT'S ORDER** |

  The United States has filed a motion for a stay of the Court's order granting Movants' Motion for Return of Seized Property ("Order"). For the reasons discussed below, the United States' motion is **DENIED**.

  The United States asks for a stay of 30 days to enable counsel for the United States to consult with legal counsel for other departments of the United States government to determine whether to file a notice of appeal or pursue other remedies. According to the United States, the Court's Order "will directly impact the procedures and practices of components of the Department of Treasury, DEA, DOJ, AFMLS, and others involved in the implementation of the Debt Collection Improvement act of 1996, and the Treasury Offset Program."

  In determining whether to issue a stay pending appeal, relevant factors include: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (2) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

  The United States has not made any argument regarding the merits of the Court's Order. Although the United States talks about the possibility of appeal, the United States

does not identify any error in the Court's ruling.

The United States has also failed to show that it will be irreparably injured absent a stay. The Order pertains to this particular case and orders the return of the currency seized from these particular Movants. The Order does not enjoin the United States from following existing procedures and does not require the United States to take any action beyond returning the seized property.

In addition, the United States has not established that it has any claim to the seized currency in this case. Even assuming the Treasury Offset Program applies, the United States has not shown that Movants owe any sums to the United States that would be subject to offset.

On the other side of the scale, a substantial sum of money was seized from Movants and has been in the custody of the United States for more than six months. Because the United States did not, within 90 days after the filing of Movants' claims, file a complaint for civil forfeiture, move for an enlargement of the 90-day period, obtain a criminal indictment alleging that the property is subject to forfeiture, or return the property, the United States is required to promptly release the property. 18 U.S.C. § 983(a)(3)(A). Movants clearly have an interest in the funds and will be injured by any further delay in the return of their property. Furthermore, it is in the public interest that the Court enforce the statutory requirement that the United States promptly return seized property after the expiration of the 90-day period.

For these reasons, the Court **DENIES** the United States' motion for a stay of the Court's Order. Within 24 hours of the entry of this Order the United States shall return $8,600.00 to Taylor Artis and $12,880.00 to Edward Douglas, Jr.

**IT IS SO ORDERED.**

DATED: August 29, 2011

_Barry Ted Moskowitz_
Honorable Barry Ted Moskowitz
United States District Judge